Otitigbe v Rensselaer Polytechnic Inst. (2021 NY Slip Op 01297)





Otitigbe v Rensselaer Polytechnic Inst.


2021 NY Slip Op 01297


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530135

[*1]Jessica O. Otitigbe, on Behalf of Herself and All Others Similarly Situated, Appellant,
v
Rensselaer Polytechnic Institute, Respondent.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Girvin & Ferlazzo, PC, Albany (Scott P. Quesnel of counsel), for appellant.
Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy (Michael F. Ginsberg of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered September 12, 2019 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.
In July 2018, plaintiff commenced this action arguing that, during the course of her nearly 14-year employment with defendant, defendant violated Labor Law § 193 by making prorated, pretax deductions from her biweekly paycheck to cover the annual cost of an on-campus parking permit. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal by plaintiff. We affirm.
We agree with Supreme Court that defendant established its prima facie entitlement to summary judgment dismissing the complaint by coming forward with evidence demonstrating that the challenged payroll deductions were made pursuant to an employer-sponsored pretax contribution plan approved by the Internal Revenue Service (hereinafter IRS) and that, therefore, the deductions were permissible under Labor Law § 193 (1) (a) and (2). Labor Law § 193 (1) (a) prohibits an employer from making any deductions from the wages of its employee unless, as pertinent here, such deductions "are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency." Labor Law § 193 (2) further provides, in relevant part, that "[d]eductions made in conjunction with an employer sponsored pre-tax contribution plan approved by the IRS or other local taxing authority, including those falling within one or more of the categories set forth in [Labor Law § 193 (1) (b)], shall be considered to have been made in accordance with" Labor Law § 193 (1) (a).
Under the Internal Revenue Code, when an employer provides a "qualified transportation fringe" benefit (hereinafter QTFB) to an employee, the employer is entitled to exclude such benefit — up to a certain amount per month — from the employee's gross federal income and wages (26 USC § 132 [a] [5]; see 26 USC § 132 [f] [2]; 26 CFR 1.132-9 [b] [Q & A 7]; Internal Revenue Service Info Letter 2010-0146, 2010 WL 2666469 [June 25, 2010]). The term QTFB encompasses the provision of "[q]ualified parking," which includes, among other things, parking provided by an employer to its employee on its business premises (26 USC § 132 [f] [1] [C]; see 26 USC § 132 [f] [5] [C]; 26 CFR 1.132-9 [b] [Q & A 4]). An employer may provide a QTFB in the form of qualified parking through either a salary supplement or a pretax salary reduction (see Internal Revenue Service Info Letter 2010-0146, 2010 WL 2666469 [June 25, 2010]). In a pretax salary reduction arrangement, an employee may designate a portion of his or her salary to be set aside to fund the employer-provided QTFB and such salary reduction is "excluded from the employee's income and wages for federal tax purposes" (Internal Revenue Service Info Letter 2010-0146, 2010 WL 2666469 [June 25, 2010]). Although [*2]an employer's QTFB plan need not be in writing (see 26 CFR 1.132-9 [b] [Q & A 6]), when an employer offers a QTFB via a pretax salary reduction arrangement, the employer must offer the employee the right to elect in writing whether to receive either the QTFB or cash compensation in lieu of the QTFB (see 26 CFR 1.132-9 [b] [Q & A 12 (a)]).[FN1] Such written election must include the date, the amount of the compensation reduction (either in fixed dollar amount or fixed percentage) and the period during which the benefit will be provided (see CFR 1.132-9 [b] [Q & A 12 (a)]). Significantly, an election to reduce compensation may be automatically renewed for subsequent periods (see 26 CFR 1.132-9 [b] [Q & A 12 (a)]).
Here, in support of its motion for summary judgment dismissing the complaint, defendant submitted proof establishing that it offers its employees the option to purchase on-campus parking at an annual cost that is significantly lower than off-campus parking options and to defray the cost by entering into a pretax salary reduction agreement (see USC § 132 [f] [1] [C]; [5] [C]). Indeed, as established by defendant's proof, employees who wish to purchase an annual on-campus parking permit with pretax funds must complete an authorization form, which includes the amount of the salary reduction required to pay for the annual permit and the date of the election. With respect to plaintiff, defendant submitted a parking permit application signed by plaintiff on August 19, 2005, in which she authorized a payroll deduction of $125 per year to cover the cost of her on-campus parking permit. Defendant further submitted proof that the annual cost of the on-campus parking permit increased to $135 in July 2007 and that, despite the distribution of a memorandum advising that she could cancel her automatic wage deduction by returning her parking permit, plaintiff did not return her permit and continued to participate in the pretax salary reduction parking program through the end of her employment with defendant. Together, defendant's submissions constituted prima facie evidence that the challenged pretax salary deductions constituted an employer-sponsored pretax contribution plan approved by the IRS and that, therefore, defendant complied with Labor Law § 193 (1) (a) and (2).
The burden thus shifted to plaintiff to raise a question of fact as to whether the challenged deductions violated Labor Law § 193 (1) (a) and (2) (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff failed to do so. In addition to various other unpersuasive arguments that she advanced, plaintiff claimed that a QTFB provided via a pretax salary reduction arrangement does not qualify as "an employer sponsored pretax contribution plan" within the meaning of Labor Law § 193 (2). However, such claim is contradicted by a plain reading of the statute. Indeed, by referring to the categories of authorized deductions [*3]set forth in Labor Law § 193 (1) (b), Labor Law § 193 (2) expressly contemplates employer sponsored pretax contribution plans used, as here, to pay for discounted parking. Further, although plaintiff asserted that she was not informed that the wage deductions were a "fringe benefit" or part of a salary reduction agreement, much of the evidence she submitted, including her own 2005 parking application, directly refuted such assertion. In short, upon review of plaintiff's arguments and submissions, we agree with Supreme Court that plaintiff failed to raise a question of fact in opposition to defendant's prima facie showing of entitlement to summary judgment dismissing the complaint. As such, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
As an alternative ground for affirmance, we agree with Supreme Court that defendant demonstrated its compliance with Labor Law § 193 (1) (b) (vii) and that plaintiff failed to raise an issue of fact in opposition thereto (see generally Marsh v Prudential Sec., 1 NY3d 146, 156-157 [2003]). Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been reviewed and found to be wholly lacking in merit.
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: An employer, however, "may provide under its [QTFB] plan that a compensation reduction election will be deemed to have been made if the employee does not elect to receive cash compensation in lieu of the [QTFB], provided that the employee receives adequate notice that a compensation reduction will be made and is given adequate opportunity to choose to receive the cash compensation instead of the [QTFB]" (26 CFR 1.132-9 [b] [Q & A 12 (b)]).